UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ACOSTA,<br><br>               Petitioner,<br><br>v.<br><br>JEFF LYNCH, Warden,<br><br>               Respondent. | Case No.: 3:20-cv-02039-WQH-AHG<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

Petitioner Jaime Acosta ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego Superior Court convictions in case number CR133742. ECF No. 1. Respondent Jeff Lynch ("Respondent") filed a motion to dismiss the Petition, which Petitioner opposes. ECF Nos. 4, 6. For the reasons outlined below, the Court **RECOMMENDS** that the District Judge **GRANT** the motion to dismiss.

## I. BACKGROUND

A jury in San Diego Superior Court found Petitioner guilty of first-degree murder and robbery with use of a firearm on February 3, 1993, and he was sentenced to life in prison without the possibility of parole on June 25, 1993. ECF No. 1 at 1. Petitioner appealed to the California Court of Appeal, which affirmed the judgment on June 1, 1995. *Id.* at 2. Shortly thereafter, he appealed to the California Supreme Court, which affirmed

the judgment on September 14, 1995. *Id*. at 3.

Consolidated with his direct appeal was Petitioner's first petition for writ of habeas corpus, which was denied by the California Court of Appeal simultaneously with his direct appeal on June 1, 1995. ECF No. 5-2 at 3. Years later, Petitioner filed a second petition for writ of habeas corpus, which was denied by the California Court of Appeal on February 26, 2003. ECF No. 5-2 at 4. On October 12, 2018, Petitioner filed his third petition for writ of habeas corpus, relying, among other things, on two recent California Supreme Court decisions: *People v. Banks*, 61 Cal. 4th 788 (2015) and *People v. Clark*, 63 Cal. 4th 522 (2016). ECF No. 5-1 at 10, 13–14. The San Diego Superior Court denied his third petition on January 15, 2019. ECF No. 5-2 at 7–8 (finding that *Banks* and *Clark* did not apply in this case). On February 13, 2020, Petitioner filed his fourth petition for writ of habeas corpus. ECF No. 5-3. Finding that Petitioner had reasserted the arguments made in his direct appeal and third habeas petition, the San Diego Superior Court denied his fourth petition on March 2, 2020. ECF No. 5-4 at 3 (finding his fourth petition procedurally barred). On April 28, 2020, Petitioner appealed the denial of his fourth petition, relying on *Banks* and *Clark*. ECF No. 5-5 at 7. On April 30, 2020, the California Court of Appeal denied his appeal, finding that his fourth petition was untimely and that *Banks* and *Clark* do not apply to his case. ECF No. 5-6 (finding petition procedurally barred). On July 2, 2020, Petitioner appealed the lower courts' denials of his fourth petition. ECF No. 5-7. The California Supreme Court summarily denied Petitioner's appeal on September 9, 2020. ECF No. 5-8; ECF No. 1 at 26.

Thereafter, on October 15, 2020, Petitioner filed the instant petition, pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion to dismiss on January 5, 2021, contending that the instant petition is untimely. ECF No. 4. Respondent lodged some of Petitioner's previous petitions and the state court rulings on each. ECF No. 5. Petitioner timely filed his opposition on February 3, 2021. ECF No. 6. Petitioner lodged previous declarations he had submitted with his petitions, as well as medical records and progress notes. ECF No. 7. Pursuant to the Court's order setting the briefing schedule for this case,

Respondent did not file a reply. *See* ECF No. 2 at ¶ 5. This Report and Recommendation follows.

## II. PARTIES' POSITIONS

In the instant motion, Respondent contends that the petition is untimely because Petitioner's limitations period lapsed in 1997. ECF No. 4-1 at 3. Although Petitioner argues that there should be a delayed start to the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(c) because *Banks* and *Clark* were not decided until 2015 and 2016, Respondent contends that 28 U.S.C. § 2244(d)(1)(c) does not apply to these state supreme court decisions. ECF No. 4-1 at 3. Arguing in the alternative, even if *Banks* and *Clark* did delay the limitations period, Respondent contends that Petitioner's petition was still untimely because there was a gap of more than one year between the filing of this third and fourth superior court petitions. *Id*. at 4. Though Respondent argues that Petitioner makes no equitable tolling argument in his petition (*id*.), Petitioner did attach a declaration to his petition that sets forth his equitable tolling argument. ECF No. 1 at 121.

Reiterating his argument that *Banks* and *Clark* are "retroactive rule[s] of constitutional law which raises a cumulative violation of his [due process] rights" (ECF No. 1 at 5), Petitioner states that Hepatitis C and limited legal resources impaired his ability to file in a timely manner. ECF No. 6 at 2. Petitioner explains that, as a result of contracting Hepatitis C, he suffered from chronic fatigue, depression, and lack of mental clarity. *Id*. at 3. Additionally, Petitioner had difficulty accessing the law library because the library's hours conflicted with his assigned work hours, and appointments were often delayed due to frequent prison lockdowns. *Id*. at 4.

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal petition for writ of habeas corpus ordinarily must be filed within one year of the date on which the state court judgment becomes "final," i.e., within one year of the conclusion of direct appellate review, or of the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Thus, for petitioners whose appeals are denied by the state's highest court,

their judgments become "final" when the 90-day period for seeking certiorari review in the United States Supreme Court expires. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Here, Petitioner's judgment was affirmed by the California Supreme Court on September 14, 1995. ECF No. 1 at 3. The 90-day period during which Petitioner could file a petition for writ of certiorari in the United States Supreme Court expired on December 13, 1995, and Petitioner did not seek certiorari review. Since AEDPA was enacted on April 24, 1996, the Ninth Circuit has held that "AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling." *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, in filing his instant federal petition on October 15, 2020, the Petition is facially untimely. *See* 28 U.S.C. § 2244(d)(1)(A).

### a. Delayed Accrual of Limitations Period Does Not Apply

Habeas petitioners can apply a later start date for the statute of limitations to claims flowing from newly established constitutional rules that are recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). If this exception applies, the one-year limitation period runs from the date of the Supreme Court decision. *Id*. However, this exception only applies to new rules established by the United States Supreme Court, not the state supreme courts. *See, e.g.*, *Dodd v. United States*, 545 U.S. 353, 358–60 (2005).

Petitioner argues that *Banks* and *Clark* are "retroactive rule[s] of constitutional law which raises a cumulative violation of his [due process] rights" (ECF No. 1 at 5), which permit him to file after the statute of limitations lapsed. However, since *Banks* and *Clark* were both decided by the California Supreme Court, Petitioner is not entitled to a later start date of the statute of limitations. *See* 28 U.S.C § 2244(d)(1)(C); *Ennis v. Hill*, No. 5:15-1816-FMO-ADS, 2019 WL 3782203, at *4 (C.D. Cal. July 2, 2019) (finding that petitioner, who cited *Banks* and *Clark*, was not entitled to delayed accrual of limitations because "[t]he Court is unaware of any United States Supreme Court case making *Banks* or *Clark*

4

3:20-cv-02039-WQH-AHG

retroactive to cases on collateral review"); *see, e.g.*, *Boyd v. Cano*, No. 17cv8700-SVW-PJW, 2018 WL 8059312, at *2 (C.D. Cal. Dec. 4, 2018) ("the California Supreme Court's decision in *Banks* has no impact on the statute of limitations in Petitioner's case"); *Perez v. Frauenheim*, No. 16cv6423-DOC-JCG, 2018 WL 1738321, at *2 (C.D. Cal. Jan. 24, 2018) (finding that *Banks* is a California Supreme Court decision and therefore Section 2244(d)(1)(C) does not apply); *McCoy v. Pfeiffer*, No. 16cv642-KJN-P, 2017 WL 1063586, at *15 (E.D. Cal. Mar. 20, 2017) (same); *Lamar v. Adams*, No. 16cv1269-AC-P, 2017 WL 1540175, at *3–*4 (E.D. Cal. Apr. 28, 2017) (finding that *Banks* "does not come within the scope of § 2244(d)(1)(C) because *Banks* is a decision of a state court and not the U.S. Supreme Court, and because it clarifies state law rather than recognizing a new federal constitutional right"); *Renteria v. Asunsion*, No. 16cv6874-R-FFM, 2016 WL 7336558, at *2 (C.D. Cal. Dec. 16, 2016) (rejecting argument that petitioner was entitled to a later start date based on *Banks*, even if it "enunciated a new rule of constitutional law," because only U.S. Supreme Court recognition of new rules impacts statute of limitations).

### b. *Even If* Delayed Accrual Applied, the Petition is Still Untimely

Since Petitioner is not entitled to a later trigger date for the statute of limitations, the analysis may end and the Court recommends that his Petition be dismissed. However, for completeness, the Court will continue its analysis in the alternative, to address all arguments made by Petitioner in his Opposition Brief.

AEDPA's limitation period can be: (1) statutorily tolled during the pendency of properly filed applications for state post-conviction review, such as state habeas petitions, 28 U.S.C. § 2244(d)(2); and (2) equitably tolled only if a petitioner can show that he pursued his rights diligently, and "an extraordinary circumstance prevented timely filing," *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014). The Court will address these in turn.

### 1. Statutory Tolling Does Not Render the Petition Timely

"The AEDPA limitations period can be tolled under the statute. If a prisoner properly files an application for state post-conviction review, the prisoner is entitled to tolling of the limitations period for the time that the habeas action is pending in state court

(statutory tolling) and during the period of time between state habeas proceedings (gap tolling)." *Ennis*, 2019 WL 3782203, at *4; *see* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation").

Even if *Banks* and *Clark* entitled Petitioner to a later start date for the statute of limitations, statutory tolling would not render the instant petition timely. Petitioner filed his third petition for writ of habeas corpus, which relied on *Banks* and *Clark*, on October 12, 2018. ECF No. 5-1 at 10, 13–14. This third round of habeas review concluded when the San Diego Superior Court denied his third petition on January 15, 2019, because Petitioner did not appeal the denial to the California Court of Appeal. ECF No. 5-2 at 7–8. On February 13, 2020, Petitioner filed his fourth petition for writ of habeas corpus. ECF No. 5-3. This fourth round of state habeas review concluded when the California Supreme Court summarily denied Petitioner's appeal on September 9, 2020. ECF No. 5-8; ECF No. 1 at 26. Thus, if *Banks* and *Clark* had delayed the trigger date for the statute of limitations,[1] at most, Petitioner would have been entitled to 304 days of tolling,[2] which means that his limitation period would have expired on April 27, 2018. The instant petition was filed on October 15, 2020; thus, Petitioner's facially untimely Petition would not have been saved by statutory tolling.

//
//

---

[1] *Banks* was decided on July 9, 2015, and *Clark* was decided on June 27, 2016.

[2] Petitioner is not entitled to gap tolling for the 391 days between Petitioner's third and fourth rounds of habeas review, because such durations do not constitute "pending" periods under 28 U.S.C. § 2244(d)(2). *See Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *cf. Robinson v. Lewis*, 824 F. App'x 494, 496–97 (9th Cir. 2020) (recognizing a general rule of 120 days or less between state court petitions not constituting substantial delay).

## 2. Equitable Tolling Does Not Apply

Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness [] and that the extraordinary circumstances made it impossible to file a petition on time") (internal quotations and citations omitted). However, "equitable tolling is unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations and citations omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Id*.; *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) ("The exception for equitable tolling cannot be interpreted so broadly as to displace the statutory limitations that Congress crafted").

Here, Petitioner contends that Hepatitis C impaired his ability to file his state habeas petitions and therefore his instant petition. ECF No. 6 at 2. Petitioner claims that, since 1998, his Hepatitis C caused chronic fatigue, depression, and a lack of mental clarity. *Id*. at 3. In 2019, Petitioner was prescribed a medication that cured him. *Id*. However, this medication had side effects "that impacted Petitioner's mental, physical, and emotional well-being." *Id*. at 5.

Petitioner presents medical progress notes in support of his request for equitable tolling. ECF No. 7 at 12–17. However, the records provided do not support his assertions. For example, on May 17, 2013, Thomas Bingamon, PA, examined Petitioner and noted that he had "Hepatitis C virus, diagnosed in 1998. … He is presently asymptomatic." ECF No. 7 at 12. Also, though Petitioner had Hepatitis C from 1998 to 2019 (ECF No. 6 at 3), his medical conditions did not prevent him from filing his second state habeas petition or

7

3:20-cv-02039-WQH-AHG

his third state habeas petition,[3] which were filed during that time. *See* ECF No. 5-2 at 4. "[T]hese filings belie Petitioner's claim that his chronic medical conditions prevented him from filing a timely federal petition." *Atzet v. Paramo*, No. 17cv1399-MCE-KJN-P, 2018 U.S. Dist. LEXIS 96265, at *15–*24 (E.D. Cal. June 7, 2018) (finding that equitable tolling did not apply, when Petitioner had very serious and chronic medical conditions, including Hepatitis C, in part because he was able to file prior state habeas petitions with those conditions).

Additionally, the medical records presented do not support Petitioner's claims that he suffered from chronic fatigue, depression, and a lack of mental clarity. *See* ECF No. 7 at 12 (no notations regarding depression or mental state, except that Petitioner was "alert and oriented x3," which means that he was responsive and oriented to person, place, and time[4]). Therefore, Petitioner "has not presented sufficient evidence that [it] prevented him from managing his affairs and thus from understanding his legal rights and acting upon them." *Williams v. Hubbard*, No. CIV-S-07-2077-GEB-GGH-P, 2009 WL 113640, at *2–*3 (E.D. Cal. Jan. 16, 2009) (finding that equitable tolling did not apply and denying request for an evidentiary hearing, explaining that "Petitioner argues that the medical records attached to the amended petition as exhibit C support his claim that his physical condition prevented him from filing a timely federal petition. These records demonstrate that petitioner has hepatitis C. These records do not demonstrate that petitioner was diagnosed with depression, or any other mental illness, related to his hepatitis C. … [P]etitioner's self-described 'mental coma' is not sufficient to justify an evidentiary

---

[3] Though not included in the lodgment presently before the Court, Respondent also alleges that Petitioner filed another federal habeas petition in 2011. ECF No. 4-1 at 2 (citing *Acosta v. Gonzalez*, No. 11cv1313-DMS-BGS (S.D. Cal. June 14, 2011)).

[4] Ester Heerema, *What Does Oriented x1, x2, x3 and x4 Mean in Dementia?*, VERYWELLHEALTH (Oct. 18, 2017), https://www.verywellhealth.com/what-is-orientation-and-how-is-it-affected-by-dementia-98571.

hearing. Petitioner must allege specific facts, not merely conclusions in order to be entitled to an evidentiary hearing must. [] Nor is there any evidence, to the extent petitioner makes such an argument, that hepatitis C otherwise impeded his ability to prepare his federal petition.").

In addition to his Hepatitis C, Petitioner explains the delay in bringing his third state habeas petition[5] and the delay in bringing his fourth state habeas petition[6] by describing his limited access to the law library. ECF No. 6 at 3–4. For example, access to the law library was limited because inmates with documented court deadlines were given priority access, the law library's hours of operation conflicted with Petitioner's assigned work schedule, and the law library was often closed due to prison lockdowns. *Id*. at 4. Due to this difficulty, Petitioner's friend mailed him cases to assist with research. *Id*. Petitioner reiterates that he "lacks knowledge of legal rights, legal practice, legal procedure and lacks the capacity to represent himself." *Id*. at 5.

Although Petitioner contends that he had difficulty accessing the law library and lacks the legal knowledge to adequately represent himself, equitable tolling still does not apply. *See, e.g.*, *Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Xayasomloth v. Cate*, No. 08cv260-BEN-AJB, 2009 WL 514286, at *8 (S.D. Cal. Feb. 27, 2009) (denying equitable tolling when access to the law

---

[5] *Banks* was decided on July 9, 2015, *Clark* was decided on June 27, 2016, and Petitioner filed his third state habeas petition on October 12, 2018 (ECF No. 5-1 at 14). Petitioner also contends that he did not learn of *Banks* and *Clark* until late 2018. ECF No. 6 at 2.

[6] Petitioner's third round of state habeas review concluded on January 15, 2019 (ECF No. 5-2 at 7–8), and Petitioner filed his fourth petition on February 13, 2020 (ECF No. 5-3).

library was limited to inmates with actual court deadlines and by prison lockdowns); *Rosati v. Kernan*, 417 F. Supp. 2d 1128, 1132 (C.D. Cal. 2005) (collecting cases and concluding that "limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling"); *Atkins v. Harris*, No. C-98-3188 MJJ-PR, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.").

Thus, Petitioner's facially untimely Petition would not have been saved by equitable tolling. *See Rosati*, 417 F. Supp. 2d at 1132–333 (finding that equitable tolling did not apply, when Petitioner had argued that he had limited access to the law library due to lockdowns, had Hepatitis C, was depressed due to his mother's death, and did not have access to legal materials while in administrative segregation or during a prison transfer), *aff'd*, 266 F. App'x 550 (9th Cir. 2008).

## IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that the Petition is untimely. Delayed accrual does not apply, and even if it did, neither statutory tolling nor equitable tolling would have rendered the Petition timely.

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. In addition, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Respondent's Motion to Dismiss be **GRANTED**.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **July 26, 2021**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **August 9, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: July 8, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge