UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ACOSTA,<br><br>                       Petitioner,<br><br>v.<br><br>JEFF LYNCH,<br><br>                       Respondent. | Case No.: 20-cv-2039-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Report and Recommendation issued by the Magistrate Judge (ECF No. 8), recommending that the Court grant the Motion to Dismiss Petition for Writ of Habeas Corpus filed by Respondent Jeff Lynch (ECF No. 4).

**I.  BACKGROUND**

    On February 3, 1993, a jury found Petitioner Jaime Acosta guilty of first-degree murder and robbery with use of a firearm. (ECF No. 1 at 1-2). On June 25, 1993, Petitioner was sentenced to life in prison without the possibility of parole. (*Id.* at 1). Petitioner appealed and filed a petition for writ of habeas corpus in the California Court of Appeal. (ECF No. 5-2 at 3). On June 1, 1995, the court of appeal affirmed the conviction and sentence and denied the petition for writ of habeas corpus. (*Id.*). On September 14, 1995, the California Supreme Court affirmed the conviction and sentence. (ECF No. 1-2 at 2-3).

Petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal, which was denied on February 26, 2003. (ECF No. 5-2 at 3).

On October 12, 2018, Petitioner filed a third petition for writ of habeas corpus in the San Diego County Superior Court. (ECF No. 5-1 at 1). Petitioner asserted, in relevant part, that that there was insufficient evidence in his case to prove special circumstances based on two California Supreme Court decisions: *People v. Banks*, 61 Cal. 4th 788 (2015), and *People v. Clark*, 63 Cal. 4th 522 (2016). (ECF No. 5-1 at 10). On January 15, 2019, the superior court denied the petition, concluding that *Banks* and *Clark* did not apply in Petitioner's case. (ECF No. 5-2 at 7).

On February 13, 2020, Petitioner filed a fourth petition for writ of habeas corpus in the San Diego County Superior Court. (ECF No. 5-3 at 1). On March 2, 2020, the superior court denied the petition, concluding that "[t]he fourth petition reasserts claims and arguments made in petitioner's appeal and third habeas corpus petition, all of which have been denied." (ECF No. 5-4 at 2-3). On April 28, 2020, Petitioner filed the fourth petition in the California Court of Appeal. (ECF No. 5-5 at 7). On April 30, 2020, the court of appeal denied the petition, concluding that it was untimely, and *Banks* and *Clark* are inapplicable. (ECF No. 5-6 at 2-3). On July 2, 2020, Petitioner filed the fourth petition in the California Supreme Court, which was summarily denied on September 9, 2020. (ECF Nos. 5-7 at 1; 1 at 26).

On October 15, 2020, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, asserting that there was insufficient evidence in his case to prove special circumstances pursuant to *Banks* and *Clark*. (ECF No. 1). On January 5, 2021, Respondent filed a Motion to Dismiss, contending that the Petition is untimely. (ECF No. 4). On February 3, 2021, Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 6). Respondent did not file any reply.

On July 8, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the Court grant Respondent's Motion to Dismiss. (ECF No. 8). The Report and Recommendation concludes that the Petition is facially untimely, and Petitioner

is not entitled to delayed accrual of the statute of limitations based on *Banks* and *Clark*. The Report and Recommendation concludes in the alternative that even if Petitioner is entitled to delayed accrual, neither statutory nor equitable tolling render the Petition timely. On July 23, 2021, Petitioner filed Objections to the Report and Recommendation. (ECF No. 9). Respondent did not file any reply.

## II. THE REPORT AND RECOMMENDATION

The Report and Recommendation states that pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had until April 24, 1997, to file his Petition for Writ of Habeas Corpus in this Court. The Report and Recommendation states that "in filing his instant federal petition on October 15, 2020, the Petition is facially untimely." (ECF No. 8 at 4). The Report and Recommendation states that Petitioner is not entitled to delayed accrual of the statute of limitations based on *Banks* and *Clark*, because delayed accrual "only applies to new rules established by the United States Supreme Court," and "*Banks* and *Clark* were both decided by the California Supreme Court." (*Id.* at 4). The Report and Recommendation concludes that the Petition is untimely on its face, and "the analysis may end." (*Id.* at 5).

The Report and Recommendation concludes in the alternative that the Petition is untimely even if delayed accrual extends the expiration of the statute of limitations. The Report and Recommendation states that Petitioner is entitled to statutory tolling while his state habeas petitions were pending. The Report and Recommendation states that "if *Banks* and *Clark* had delayed the trigger date for the statute of limitations, at most Petitioner would have been entitled to 304 days of [statutory] tolling, which means that his limitation period would have expired on April 28, 2018," absent additional equitable tolling. (*Id.* at 6). The Report and Recommendation states that Petitioner is not entitled to equitable tolling. The Report and Recommendation states that the medical records presented by Petitioner do not support his assertions that Hepatitis C and chronic fatigue, depression, and lack of mental clarity prevented Petitioner from timely filing a petition in this Court. The Report and Recommendation states that Petitioner's assertions that he had limited

access to the law library and lacks knowledge of the legal system are not extraordinary circumstances sufficient to warrant equitable tolling. The Report and Recommendation recommends that the Court grant Respondent's Motion to Dismiss on the grounds that the Petition is untimely.

### III.   OBJECTIONS

Petitioner objects to the conclusion of the Report and Recommendation that Petitioner is not entitled to delayed accrual of the statute of limitations based on *Banks* and *Clark*. Petitioner contends that he is entitled to delayed accrual because *Banks* and *Clark* were "clarifying and reiterating U.S. constitutional law" and "are retroactive under the federal due process test." (ECF No. 9 at 3). Petitioner objects to the conclusion of the Report and Recommendation that Petitioner is not entitled to equitable tolling. Petitioner contends that he "pursued his case diligently from the time he discovered (*Banks*) and (*Clark*) in late 2018," and his lack of access to the law library, in combination with his Hepatitis C, present extraordinary circumstances that warrant equitable tolling. Petitioner requests that the Court hold an evidentiary hearing "on the issue of whether Hepatitis C and limited legal resources prevented Petitioner from timely filing his Petition." (*Id.* at 2).[1]

### IV.   LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court need not review de novo those portions of a report and

---

[1] Petitioner further objects to the "statement [in the Report and Recommendation] that that California Supreme Court summarily denied Petitioner's appeal on September 9, 2020," because the court "actually denied Petitioner with a postcard denial that did not show the reason for denying the petition." (ECF No. 9 at 2). Petitioner's objection is overruled. (*See* ECF No. 1 at 26 (order of the California Supreme Court summarily denying the petition for writ of habeas corpus on September 9, 2020)).

recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## V.   DISCUSSION

Petitioner does not object to the conclusion of the Report and Recommendation that Petitioner had until April 24, 1997, to file his Petition for Writ of Habeas Corpus in this Court, and in filing the Petition on October 15, 2020, the Petition is facially untimely. The Court concludes that the Magistrate Judge correctly determined that the Petition was filed more than twenty-four years after the statute of limitations expired on April 24, 1997, and is facially untimely. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) ("State prisoners, like [Petitioner], whose convictions became final prior to AEDPA's enactment [on April 24, 1996], had a one-year grace period in which to file their petitions . . . [which] ended on April 24, 1997 in the absence of statutory tolling.").[2]

Petitioner objects to the conclusion of the Report and Recommendation that he is not entitled to delayed accrual of the statute of limitations based on *Banks* and *Clark*. 28 U.S.C. § 2244(d) provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> . . .
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

---

[2] Petitioner does not assert that he is entitled to tolling that would toll the statute of limitations for over twenty-four years in the absence of delayed accrual.

28 U.S.C. § 2244(d)(1)(C). Delayed accrual under § 2244(d)(1)(C) applies to constitutional rights newly recognized by the United States Supreme Court, not state supreme courts. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2244(d)(1)(C)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by *this Court*." (emphasis added)). *Banks* and *Clark* are decisions of the California Supreme Court and have no impact on the statute of limitations in this case. The Court concludes that the Magistrate Judge correctly determined that Petitioner is not entitled to delayed accrual, and the Petition is untimely.

Petitioner further objects to the conclusion of the Report and Recommendation that he is not entitled to equitable tolling. The Court has concluded that the Magistrate Judge correctly determined that the Petition is untimely, but addresses Petitioner's objection in the alternative. Petitioner does not object to the conclusion of the Report and Recommendation that even if delayed accrual applies, statutory tolling does not render the Petition timely. The Court concludes that the Magistrate Judge correctly determined that "if *Banks* and *Clark* had delayed the trigger date for the statute of limitations, at most, Petitioner would have been entitled to 304 days of [statutory] tolling [during the pendency of Petitioner's state court petitions], which means that his limitation period would have expired on April 27, 2018,"[3] absent additional equitable tolling. (ECF No. 8 at 6).

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *reh'g denied*, 545 U.S. 1135 (2005)). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in

---

[3] *Clark*, the most recent decision, was decided on June 27, 2016.

original) (citations omitted). "[E]quitable tolling is unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and emphasis omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (second alteration in original) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). "[The petitioner] bears the burden of showing that equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (citing *Miranda*, 292 F.3d at 1065), *vacated and amended on reh'g on other grounds*, 447 F.3d 1165 (9th Cir. 2006).

In this case, Petitioner fails to show that any of his asserted ailments made it impossible to file a petition in this Court by April 27, 2018. The record does not support Petitioner's assertion in his Opposition to the Motion to Dismiss and Objections to the Report and Recommendation that Hepatitis C impaired his ability to file a timely petition. Petitioner was cured of Hepatitis C in 2019 and did not file his Petition until October 2020. (*See* ECF No. 6 at 3 (assertion by Petitioner that he was cured of Hepatatis C in 2019); ECF No. 7 at 17 (undated letter from California Correctional Health Care Services stating, "[Y]ou do not need to be seen for hepatitis C anymore. Your hepatitis C is cured")). The medical progress noted submitted by Petitioner stated that Petitioner was diagnosed with Hepatitis C in 1998 and was "asymptomatic" in 2013. (ECF No. 7 at 12). In addition, Petitioner was able to file his second and third petitions for writ of habeas corpus in state court while he was diagnosed with Hepatitis C. *See Gaston*, 417 F.3d at 1034-35 (rejecting prisoner's contention that his physical and mental disabilities constituted an "extraordinary circumstance" where he filed state habeas petitions before and after the period in which he sought tolling, and he did not show that his condition was significantly worse during the interim).

The record further fails to support Petitioner's assertion that he suffered from chronic fatigue, depression, and lack of mental clarity. The medical progress noted submitted by Petitioner stated that that Petitioner was "alert and oriented" in 2013. (ECF No. 7 at 12).

Petitioner fails to show that any asserted mental illness prevented Petitioner from being able to understand the need to timely file or rendered Petitioner unable to prepare and file a habeas petition. *See Taylor v. Knowles*, No. CIV S-07-2253 WBS EFB P, 2009 U.S. Dist. LEXIS 20110, at *20 (E.D. Cal. Mar. 13, 2009) ("Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling."), *report and recommendation adopted*, U.S. Dist. LEXIS 29730 (E.D. Cal. Apr. 1, 2009), *affirmed*, 368 F. App'x 796 (9th Cir. 2010) (no equitable tolling where petitioner failed to show hallucinations, depression, and anxiety "actually caused him not to be able to file despite his diligence"). In addition, limited access to the law library and legal materials does not warrant equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). The Court concludes that the Magistrate Judge correctly determined that even if delayed accrual applies, Petitioner is not entitled to equitable tolling. The Court has addressed equitable tolling in the alternative, and Petitioner is not entitled to an evidentiary hearing on the issue of equitable tolling. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) ("If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## VI.   CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court

concludes that jurists of reason could not find it debatable whether this Court was correct in dismissing the Petition. The Court denies a certificate of appealability.

## VII.  CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 8) is adopted in full.

IT IS FURTHER ORDERED that Petitioner's Objections to the Report and Recommendation (ECF No. 9) are overruled.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 4) is granted. The Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed. A certificate of appealability is denied.

Dated:  August 26, 2021

Hon. William Q. Hayes
United States District Court